**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CAROL JACOBSON<br><br>Plaintiff,<br><br>v.<br><br>CVS PHARMACY INC., UNITED PARCEL SERVICE GENERAL SERVICES, CO., and JOHN DOE<br><br>Defendants. | ECF CASE<br><br>CIVIL ACTION NO.<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

Plaintiff, **CAROL JACOBSON,** by counsel, brings this Complaint to the best of her knowledge, information and belief formed after an investigation reasonable under the circumstances, brings an action for common law negligence.

## THE PARTIES

1. At all times herein mentioned, Plaintiff, **CAROL JACOBSON**, (hereinafter "Plaintiff") resides in Richmond County, the State of New York.

2. At all times herein mentioned, Defendant, **CVS PHARMACY INC.,** herein after referred to as **"CVS",** was a resident of the State of Rhode Island that it was and still is a foreign corporation duly authorized to do business in the State of New Jersey, with its principal place of business located at 1 CVS Drive, Woonsocket, Rhode Island 02895

3. At all times herein mentioned, Defendant, **UNITED PARCEL SERVICE GENERAL SERVICES, CO.,** herein after referred to as **"UPS",** was a resident of the State of Georgia that it was and still a foreign for-profit Corporation organized and existed under and by

virtue of the Laws of the State of Delaware with its principal place of business located at 55 Glenlake Parkway, NE, Atlanta, GA 30328,.

4. At all times herein mentioned, Defendant, **JOHN DOE,** whose first and last name being fictitious is meant to represent the employee of **UNITED PARCEL SERVICE GENERAL SERVICES, CO,** was a resident of the State of New Jersey.

## JURISDICTION AND VENUE

5. The Court has jurisdiction over this matter and the Defendants pursuant to 28 U.S. Code § 1332, as Plaintiff and Defendants are citizens of different States and the amount in controversy exceeds seventy-five thousand dollars ($75,000).

## BACKGROUND

6. On January 18, 2024, Plaintiff, **CAROL JACOBSON**, was a lawful patron about the CVS Pharmacy store # 07751 premises, located on 483 State Route 79, Morganville, New Jersey 07751. Plaintiff **CAROL JACOBSON** was knocked to the ground by Defendant, **JOHN DOE** an employee of Defendant, **UPS** while in the course of is an employment, causing her to sustain severe and serious personal injuries by reason of the negligence, carelessness, recklessness, and want of proper care of defendants. The premises was owned, operated, managed controlled by Co-Defendant, **CVS.** Defendant, **CVS** was negligent in their ownership, operation, control, management, and design of the aforesaid premises in that they failed to properly control the delivery activities of co-defendant, **UPS** and its employees, servants and/or agents.

## COUNT ONE
## NEGLIGENCE

7. That at all times herein mentioned, and upon information and belief, the Defendant, **CVS PHARMACY INC.,** owned the premises and appurtenances and fixture located at 483 State Route 79, Morganville, New Jersey 07751.

8. That at all times herein mentioned, and upon information and belief, the Defendant, **CVS PHARMACY INC.,** through its servants, agents and/or employees, operated the aforesaid premises.

9. That at all times herein mentioned, and upon information and belief, the Defendant, **CVS PHARMACY INC.,** through its servants, agents and/or employees, controlled the aforesaid premises.

10. That at all times herein mentioned, and upon information and belief, the Defendant, **CVS PHARMACY INC.,** through its servants, agents and/or employees, inspected the aforesaid premises.

11. That at all times herein mentioned, and upon information and belief, the Defendant, **CVS PHARMACY INC.,** through its servants, agents and/or employees, repaired the aforesaid premises.

12. That at all times herein mentioned, and upon information and belief, the Defendant, **CVS PHARMACY INC.,** was the lessee of the aforesaid premises.

13. Defendant, **CVS PHARMACY INC.,** was negligent in that they permitted Defendant, **UPS,** through its servants, agents and/or employees to access the main customer exit and entrance to conduct its business operations; Defendant, **CVS PHARMACY INC.,**

permitted Defendant, **UPS,** through its servants, agents and/or employees, to traverse the customer retail floor space while transporting boxes and packages throughout the area; Defendant, **CVS** permitted Defendant, **UPS,** through its servants, agents and/or employees to conduct business on the retail floor space with a hand truck while customers and patrons shopped during business hours; Defendant, **CVS** failed to monitor and control the movement of Defendant, **UPS,** through its servants, agents and/or employees to ensure that they would not interfere with the customers and the patrons of Defendant, **CVS**; Defendant, **CVS** failed to provide Defendant, **UPS,** through its servants, agents and/or employees a separate and distinct means of ingress and egress to prevent interference and injury to the customers and patrons of Defendant, **CVS;** Defendant, **CVS** failed to prevent **UPS,** through its servants, agents and/or employees from using a hand truck laden with boxes and packages throughout the retail/customer floor space during business hour which prevented Defendant **JOHN DOE** from seeing and then colliding with Plaintiff; Defendant, **CVS** failed to provide a delivery/shipping area to enter and exit the said store during the course of business hours; Defendant, **CVS** was negligent in not directing or guiding the Defendant, **UPS** personnel throughout the Defendant, **CVS** while transporting packages throughout the retail space; Defendant, **CVS** was further negligent in allowing Defendant, **UPS,** through its servants, agents and/or employees, to operate within said premises without providing safe and proper ingress and egress for its patrons and more particularly the Plaintiff named herein.

14. That at all times herein mentioned, and upon information and belief, the Defendant, **UPS** owned the premises and appurtenances and fixtures located at 483 State Route 79, Morganville, New Jersey 07751.

15. That at all times herein mentioned, and upon information and belief, the Defendant, **UPS** through its servants, agents and/or employees, operated the aforesaid premises.

16. That at all times herein mentioned, and upon information and belief, the Defendant, **UPS** through its servants, agents and/or employees, controlled the aforesaid premises.

17. That at all times herein mentioned, and upon information and belief, the Defendant, **UPS,** through its servants, agents and/or employees, inspected the aforesaid premises.

18. That at all times herein mentioned, and upon information and belief, the Defendant, **UPS** through its servants, agents and/or employees, repaired the aforesaid premises.

19. That at all times herein mentioned, and upon information and belief, the Defendant, **UPS** was the lessee of the aforesaid premises.

20. On January 18, 2024 Plaintiff, **CAROL JACOBSON,** was lawfully on the aforesaid premises located on 483 State Route 79, Morganville, New Jersey 07751.

21. On January 18, 2024, while Plaintiff, **CAROL JACOBSON,** was lawfully about the aforesaid premises when she was caused to be knocked down to the ground by Defendant **JOHN DOE**, an employee of **UPS** who while acting in the scope of his employment was carrying packages in such a way that his vision was obstucted, causing him to collide with Plaintiff, **CAROL JACOBSON** causing her serious and permanent injuries.

22. On January 18, 2024 Plaintiff, **CAROL JACOBSON,** could not by the exercise of reasonable care have discovered or perceived the danger of her surroundings.

23. On January 18, 2024 Plaintiff, **CAROL JACOBSON,** could not through the use of reasonable care have averted or avoided her injury.

24. That upon information and belief, the defendant, **UPS** failed to take reasonable steps to ascertain that the Defendant, **JOHN DOE** an employee of **UPS** would not be a danger to the patrons of **CVS.**

25. That upon information and belief, the defendant, **UPS,** failed to properly monitor the conduct of the Defendant, **JOHN DOE** during the course of his employment.

26. Defendants, **UPS** and **JOHN DOE** were further negligent in transporting packages through retail floor space during business hours; Defendants **UPS** and **JOHN DOE** were negligent in failing to utilize a means of ingress and egress such as shipping or delivering areas for ingress and egress instead of the main customer entrance; Defendants, **UPS** and **JOHN DOE** were negligent in failing to utilize either another Defendants, **UPS** worker or co-Defendant, **CVS** employee to help guide/navigate him through the store during business hours; Defendants, **UPS** and **JOHN DOE** were negligent in failing to appreciate the danger of transporting packages through co-defendant's retail knowing patrons would be using the aisles and pathways within the store; Defendant, **JOHN DOE** was negligent in transporting packages throughout the retail space while his vision was obstructed by the packages; Defendants, **UPS** and **JOHN DOE** were negligent in failing to transport packages which could be safely maintained throughout the said retail area floor space; Defendant, **JOHN DOE** was negligent in failing to warn customers/patrons of his movement throughout the retail floor with an audible warning.

27. That all times herein mentioned, **CVS** entered into contract with **UPS** to deliver goods and services to the premises located 483 State Route 79, Morganville, New Jersey 07751.

28. The above mentioned occurrence, and the results thereof, were caused in part and/or in whole by the negligence of the Defendants and/or said Defendant's agents, servants,

employees and/or licensees in the, operation, management, supervision, maintenance and control, possession, supervision, direction, inspection and/or hiring when on the aforementioned date defendants' employees knocked plaintiff to the ground causing plaintiff to suffer serious physical injuries.

29. Defendant, **CVS** failed to provide **UPS and JOHN DOE** with a proper means to ingress and egress or a service entrance that would eliminate or reduce the risk of harm and injury to patrons of said CVS.

30. That by reason of the foregoing, Plaintiff, **CAROL JACOBSON,** was caused to sustain serious injuries and to have suffered pain, shock and mental anguish; that these injuries and their effects will be permanent; and as a result of said injuries Plaintiff has been caused to incur, and will continue to incur, expenses for medical care and attention; and, as a further result, Plaintiff was, and will continue to be, rendered unable to perform Plaintiff's normal activities and duties and has sustained a resultant loss therefrom.

31. That no negligence on the part of the Plaintiff contributed to the occurrence alleged herein in any manner whatsoever.

32. That as a result of the foregoing, Plaintiff was damaged in a sum which exceeds seventy-five thousand dollars ($75,000).

**WHEREFORE**, Plaintiff demands judgment against the Defendants herein, in a sum exceeding the jurisdictional limits of all lower courts which would otherwise have jurisdiction, together with the costs and disbursements of this action.

## PRAYER FOR RELIEF

**WHEREFORE, CAROL JACOBSON** demands the following:

a. actual, compensatory and statutory damages;

b. pre and post-judgement interest as allowed by law;

c. an award of attorneys' fees as allowed by law;

d. an award of taxable costs; and

e. any and all such further relief as this Court deems just and proper.

**DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b)(1) and 38 (c) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all issues so triable.

Dated: Brooklyn, NY
March 13, 2024

Respectfully,

BISOGNO & MEYERSON, LLP
*Attorneys for Plaintiff*
**Carol Jacobson**

By: GEORGE D. SILVA, ESQ.

7018 Fort Hamilton Parkway
Brooklyn, NY 11228
(718) 745-0880
Our File No. 05981/24

TO:
**CVS PHARMACY INC.,**
483 State Route 79, Morganville, NJ 07751 Store # 07751

**CVS PHARMACY INC.,**
450 Veterans Memorial Highway, suite 7A, East Providence, Rhode Island 02914.

**CVS PHARMACY INC.,**
c/o CT Corporation 1 CVS Drive, Woonsocket, Rhode Island, 02895

**UNITED PARCEL SERVICE GENERAL SERVICE, CO.,**
55 Glenlake Parkway NE, Atlanta GA 30328

**UNITED PARCEL SERVICE GENERAL SERVICE, CO.,**
c/o Secretary of State One Commerce Plaza, 99 Washington Avenue, Albany, NY 12231

**ATTORNEY'S VERIFICATION**

GEORGE D. SILVA, an attorney duly admitted to practice before the Courts of the State of New York, affirms the following to be true under the penalties of perjury:

I am an attorney at BISOGNO & MEYERSON, LLP, attorneys of record for Plaintiff, **CAROL JACOBSON**.

I have read the annexed **COMPLAINT** and know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon facts, records, and other pertinent information contained in my files.

This verification is made by me because Plaintiff is not presently in the county wherein I maintain my offices.

DATED: Brooklyn, NY
March 13 2024

**GEORGE D. SILVA, ESQ.**

CIVIL ACTION NO___________
UNITED STATE DISTRICT COURT
EASTER DISTRICT OF NEW YORK

---

CAROL JACOBSON

Plaintiff,

v.

CVS PHARMACY INC., UNITED PARCEL SERVICE GENERAL SERVICES, CO., and JOHN DOE

Defendants.

---

**VERIFIED COMPLAINT**

---

**BISOGNO & MEYERSON, LLP**
***Attorneys for Plaintiff***
**7018 Fort Hamilton Parkway**
**Brooklyn, NY 11228**
**(718) 745-0880**

---